# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

JOHN P. CASSIDY,

                          Plaintiff,

         -vs-

MARK NICOLO, LARRY BAKER, DR. GONZALEZ,

                          Defendants.

DECISION AND ORDER
03-CV-6603-CJS

---

## APPEARANCES

| | |
|---|---|
| For plaintiff: | John P. Cassidy *pro se*<br>418 Milton Street<br>Elmira, NY 14904<br>607-734-7139 |
| For defendant Larry Baker: | Robert T. DiGuilio, Esq.<br>Karen M. Modzel, Esq.<br>Osborn, Reed & Burke, L.L.P.<br>1 Exchange Street, Suite 400<br>Rochester, NY 14614<br>585-454-6480 |
| For defendant Mark Nicolo: | Bryan J. Maggs, Esq.<br>Davidson & O'Mara, P.C.<br>243 Lake Street<br>Elmira, NY 14901<br>607-733-4635 |
| For defendant Dr. Gonzalez: | Thomas B. Cronmiller, Esq.<br>Hiscock & Barclay LLP<br>2000 HSBC Plaza<br>100 Chestnut Street<br>Rochester, NY 14604<br>585-295-4424 |

**INTRODUCTION**

This is a civil rights case brought by John P. Cassidy, *pro se*, a former inmate at the Chemung County Jail, in Elmira, New York. Plaintiff alleges that defendants violated his civil rights when they disclosed confidential medical information by marking his meal trays. Each defendant has brought a separate motion for summary judgment, and, despite having been provided with two *Irby*[1] notices, and a motion scheduling order setting November 14, 2005, as the response date, plaintiff has failed to file any responsive papers. He also failed to appear on the date scheduled for oral argument. For the reasons stated below, each defendant's motion is granted and this case is dismissed.

**BACKGROUND**

Plaintiff filed an amended complaint alleging essentially two distinct causes of action. In a Decision and Order (# 7) entered on October 7, 2004, plaintiff's cause of action sounding in medical malpractice was dismissed by the Court pursuant to 28 U.S.C. § 1915A and *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). His remaining cause of action, alleging that his medical condition was revealed when someone at the jail wrote the condition on the meal trays, was allowed to go forward.

Plaintiff was sent two *Irby* notices. Each notice stated as follows:

> **RULE 56 MOTIONS FOR SUMMARY JUDGMENT IRBY NOTICE**
> (See Irby v. New York City Transit Authority, 262 F.3d 412 (2d Cir. 2001))
>
> A party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as

---

[1] *See Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001).

to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

# Failure to Respond to A Motion For Summary Judgment May Result in The Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case.

### Opposing Affidavits and Exhibits

Therefore, if the motion seeks summary judgment against you, you **MUST** submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.

### Statement of Material Facts Requiring a Trial

If the motion seeks summary judgment against you, you **MUST** also submit a separate, short, and concise statement of the material facts as to which you contend there exists a genuine issue which must be tried. See Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). **Note** that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is no genuine issue to be tried) will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue presenting a genuine issue requiring a trial.

### Memorandum of Law

If the motion seeks summary judgment against you, you **MUST** also submit a separate answering memorandum of law, Local Rule 7.1 (e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.1(f). Failure to comply may result in the motion being decided against the noncomplying party.

**NOTE**: If you are the party bringing the summary judgment motion, you may file reply papers ONLY if you state on the notice of motion that you wish to

>do so and/or if the court order scheduling the motion gives you the opportunity for doing so. See Local Rules of Civil Procedure Rule 7.1 (c).

(*Irby* Notice (## 48 & 51) (emphasis in original).) As previously indicated, plaintiff has not submitted any responsive papers for any of the three motions, or statements of fact, filed by defendants. "When a party has moved for summary judgment on the basis of asserted facts supported as required by Fed. R. Civ. P. 56(e) and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2nd Cir. 1992). Such is the case here, and the facts asserted by all three defendants are deemed admitted.

Plaintiff was an inmate at the Chemung County Jail in Elmira, New York, from August 28, 2003 until November 14, 2003. On October 2, 2003, he filed a jail grievance alleging that he received a foam[2] food container marked "Hepatic" which should have been marked "Hi-Pro." (Cassidy EBT at 41.) The jail denied the grievance on the basis that the term "Hepatic" did not disclose any private medical information. Plaintiff's appeal was denied by the New York State Commission of Corrections.

---

[2]Defendants use the term "Styrofoam" in their submissions. The Court is familiar with that term from a previous case, and its research indicates that "Styrofoam" is a trademarked name owned by the Dow Chemical Company. Further, according to Dow, Styrofoam "includes a variety of building materials (including insulated sheathing and housewrap), pipe insulation and floral and craft products. But there isn't a coffee cup, cooler or packaging material in the world made from STYROFOAM. These common disposable items are typically white in color and are made of expanded polystyrene beads….In order to protect the Dow trademarked name 'STYROFOAM.' such other material should be referred to by the generic term 'foam.'" The Dow Chemical Comnpany, *What Is Styrofoam?* (2005) http://www.dow.com/styrofoam/what.htm.

Defendant Larry Baker ("Baker") is the Food Service Director for Aladdin Food and Management Services, LLC ("Aladdin"). Aladdin contracted with the County of Chemung to provide meals and food service supplies to the Chemung County Jail. Aladdin labels the food containers it sends to the jail in accordance with a list of special meals it receives from the jail. Aladdin does not know the names of those receiving any special meals, or the inmates' underlying health conditions, or the contents of their medical records. Previously, when Aladdin received a request to provide a hepatic meal, it labeled the container in which that meal was delivered, "Hepatic." After being contacted by Chemung County Jail staff and alerted that a prisoner was bothered with the label "Hepatic," Aladdin changed the label to "High Protein" or "Hi-Pro."

Defendant Mark Nicolo ("Nicolo") is a Licensed Practical Nurse ("LPN") and was employed by the Chemung County Jail as a jail nurse from October 1998 until December 2003. Upon entering the jail, plaintiff disclosed he suffered from two specific liver ailments, so Dr. Schenone[3] ordered that plaintiff receive, *inter alia*, a special hepatic diet. The term "hepatic" means "of the liver," but does not in itself connote any specific medical condition. To carry out this order, Nicolo added this diet to a list of special diets, which included diabetic, low sodium, low carbohydrate, vegetarian, and others, along with hepatic. Nicolo gave the list of special diets to defendant Baker, but did not include any personally-identifiable information on the special meal list. Further, Nicolo provided to corrections officers on each cell block a list of inmates who were to receive special meals to ensure

---

[3]Defendant Nicolo's Statement of Facts does not further identify the doctor by a first name or explain his relationship, if any, to the Chemung County Jail. Defendant Gonzalez's Statement of Facts reveals that Dr. Schenone is a jail employee.

that the right meal got to the right inmate. That list did not contain any private medical information.

Defendant Adrian M. Gonzalez ("Gonzalez") is a Physician's Assistant, not a medical doctor, who worked part-time at the Chemung County Jail. He never held a supervisory position at the jail. Moreover, Gonzalez did not order plaintiff to be placed on a hepatic diet. That was ordered by Dr. Schenone.

Plaintiff alleges that he suffered psychological harm from embarrassment, ridicule, and "looks" from other inmates. However, he acknowledges that the alleged disclosure of his medical condition did not cause him to suffer any physical injury, nor did it cause him to suffer any diagnosed psychological condition.

## STANDARDS OF LAW

### *Summary Judgment Standard*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley,* 274 F.3d 677 (2d Cir. 2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893

(3d Cir.1987) (*en banc*). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once that burden has been met, the burden then shifts to the non–moving party to demonstrate that, as to a material fact, a genuine issue exists. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir. 2001), *rev'd on other grounds Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160 (2003); *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir. 1990). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). Rather, evidentiary proof in admissible form is required. FED. R.

CIV. P. 56(e). Furthermore, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996). The Court is also aware of the Second Circuit's admonishment that "the pleadings of a pro se plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they could suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (*quoting Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

### *Civil Rights Claims Under 42 U.S.C. § 1983*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993). "Before § 1983 damages are awarded, a plaintiff must show by a preponderance of the evidence that the defendant was personally involved — that is, he directly participated — in the alleged constitutional deprivations." *Gronowski v. Spencer*, 424 F.3d 285, 293 (2d Cir. 2005).

### *Qualified Immunity*

"Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial, lawsuits." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).

"Government actors performing discretionary functions are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id*. at 420 (*quoting Harlow*, 457 U.S. at 818). The Second Circuit further stated that, "[e]ven where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *Id*. The Court of Appeals also stated that a defendant is entitled to qualified immunity when "'no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiffs, could conclude that it was objectively unreasonable for the defendant[]' to believe that he was acting in a fashion that did not clearly violate an established federally protected right."*Id*. at 420 (*quoting Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987) (*quoting Halperin v. Kissinger*, 807 F.2d 180, 189 (D.C. Cir. 1986)).

## DISCUSSION

Baker, as a private employee of a company that had a contract to provide meals to the jail inmates, was not an employee of Chemung County "acting under color of state law." Furthermore, the Court finds that Baker does not meet the requirements of the "close nexus" test, which would justify a finding that, as a private entity, he acted under color of state law. *See Turturro v. Continental Airlines*, 334 F. Supp. 2d 383, 394 (S.D.N.Y. 2004). With regard to the "close nexus" test, plaintiff points to no statute, rule, or command from jail staff requiring that the meals be marked in the manner that Aladdin chose to mark them. The evidence establishes only that Baker was required to prepare specific types of

meals, which implies that when the meals were delivered to the jail, that the special ones had to be identified in some way to ensure their proper delivery. That Baker chose to mark the hepatic meals "Hepatic," does not, in itself, show that Baker was a state actor. Furthermore, marking a meal as hepatic could not be construed to violate plaintiff's medical privacy, since Baker had no information for whom the meal was being prepared, nor from what disease, if any, the eventual recipient of that meal suffered. *See Mercer v. Green Haven Correctional Facility*, No. 94 CIV. 6238 (DLC), 1998 U.S. Dist. LEXIS 2108 *16, 1998 WL 85734 (S.D.N.Y. Feb. 27, 1998) ("given the plaintiff's failure to submit evidence to support his claim that these two defendants actually possessed and improperly leaked confidential information, the Court need not address whether such actions, if proven, would constitute a violation of his rights under Section 1983.").

Further, 42 U.S.C. § 1997e(e) states that, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Here, plaintiff has failed to present any evidence that he suffered physical injury in relation to the emotional injuries he claims resulted from the labeling. Thus, his lawsuit against Baker for the alleged privacy violation is barred.

Turning to the specific claims asserted against the remaining two defendants, the limitation in 42 U.S.C. § 1997e(e), discussed above, by its plain language, also applies to both Nicolo and Gonzalez. The lawsuit, therefore, cannot go forward in the absence of any physical injury to plaintiff. Further, plaintiff brought one grievance for one instance of marking his foam container, and upon plaintiff's request, the label was changed to "Hi-pro." There is no evidence before the Court that subsequent labels violated plaintiff's civil rights,

or that plaintiff exhausted his administrative remedies with regard to any other allegedly offensive labels. Moreover, no evidence shows that either Nicolo or Gonzalez had any personal involvement in the marking of plaintiff's foam meal containers. Additionally, the undisputed facts before the Court on this motion show that the first label, "Hepatic," does not itself reveal any confidential medical information.

Additionally, any claim that defendants' actions violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") would require a finding that the statute authorizes a private right of action, an argument which has been consistently rejected by other district courts:

> *See Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356, 363 (N.D. Miss. 1997) ("in HIPAA, the undersigned cannot find any manifest congressional intent to create a new federal cause of action"); *Means v. Ind. Life & Accident Ins. Co.*, 963 F. Supp. 1131, 1135 (M.D. Ala. 1997) ("the court finds no evidence of congressional intent to create a private right of action under the HIPAA"); *Brock v. Provident Am. Ins. Co.*, 144 F. Supp. 2d 652, 657 (N.D. Tex. 2001); *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F. Supp. 2d 1176, 1180 (D. Wyo. 2001). Furthermore, legal commentators appear to unanimously assume that there is no private right of action under HIPAA, including to enforce the "privacy rule" of § 1320d-6. *See, e.g.*, A Craig Eddy, *A Critical Analysis of Health and Humans Services' Proposed Health Privacy Regulations in Light of the Health Insurance Privacy and Accountability Act of 1996*, 9 Annals Health L. 1, 32 (2000); Francoise Gilbert, *Emerging Issues in Global Aids Policy; Preserving Privacy*, 25 Whittier L. Rev. 273, 289 (2003); Joy L. Pritts, *Altered States: State Health Privacy Laws and the Impact of the Federal Health Privacy Rule*, 2 Yale J. Health Pol'y L. & Ethics, 325, 343 (2002); Frederick Y. Yu, *Medical Information Privacy under HIPAA: A Practical Guide*, Colorado Lawyer, May 2003, at 22.

*Univ. of Colo. Hosp. Auth. v. Denver Publ. Co.*, 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004). In the absence of any argument on plaintiff's behalf that HIPAA authorizes a private right of action, the Court declines to find one *sue sponte*.

Finally, the Court determines that both Nicoli and Gonzalez are entitled to qualified immunity. Plaintiff has cited to no law establishing a privacy right with regard to his specific liver ailments, or holding that writing "hepatic" on a meal delivered to an inmate with his specific liver condition is a constitutional violation. *C.f. Powell v. Schriver*, 175 F.3d 107, 100 (2d Cir. 1999) ("Individuals who are infected with the HIV virus clearly possess a constitutional right to privacy regarding their condition.").

## CONCLUSION

Accordingly, defendants' motions (## 34, 41 & 49) for summary judgment are granted in their entirety and the case is dismissed.

IT IS SO ORDERED.

Dated:   December 6, 2005
         Rochester, New York

                    ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J.  SIRAGUSA
                              United States District Judge